NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3324

REGINALD MARTIN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Reginald Martin, of Washington, DC, pro se.

Scott A. MacGriff, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.  Of counsel was Paul N. St. Hillaire, Office of Personnel Management, of Washington, DC.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3324

REGINALD MARTIN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0831080363-I-1.

_____

DECIDED: December 8, 2008

_____

Before RADER, BRYSON, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Mr. Martin appeals the July 30, 2008 final decision of the Merit Systems Protection Board ("MSPB") denying his request for a retirement annuity. Because Mr. Martin gave up his right to retirement benefits when he requested and received a refund of his retirement deductions in 1997, we <u>affirm</u>.

## I. BACKGROUND

Mr. Martin worked for the District of Columbia Superior Court from February 18, 1975, until March 7, 1996. During that time, he had contributions to the Federal Civil Service Retirement Program automatically deducted from his paycheck. On December 17, 1996, Mr. Martin requested a refund of the deducted amounts. The Office of

Personnel Management ("OPM") authorized the refund of $30,105.59 on January 6, 1997. Mr. Martin has not alleged that he did not receive this payment.

On January 20, 2008, Mr. Martin applied for immediate retirement and requested a lifetime annuity. OPM denied his request, stating that Mr. Martin was not eligible for retirement benefits because he had previously received a refund of the deducted amounts and had not been reemployed by the federal government. Mr. Martin filed an appeal requesting payment of retirement benefits. On April 25, 2008, the administrative law judge issued an initial decision affirming OPM's denial of Mr. Martin's claim. The MSPB denied Mr. Martin's petition for review on July 30, 2008.

Mr. Martin appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

This court may only reverse the MSPB if its decision was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Martin presents three arguments on appeal. First, he argues that OPM broke the law by not properly advising him in 1996 that the refund of retirement contributions would cause him to lose his retirement benefits. Second, he argues that "many others" have received refunds and are also receiving retirement payments. Finally, he argues that the District of Columbia Superior Court broke the law by terminating his employment on March 7, 1996. We address each argument in turn.

An employee who receives a refund of his retirement deductions loses his right to a retirement annuity. 5 U.S.C. § 8342(a). In this case, it is undisputed that Mr. Martin

requested and received such a refund by filling out and submitting Standard Form 2802. However, Mr. Martin asserts that he was not properly warned about the effect of receiving a refund and would not have submitted Form 2802 had he known that he would lose his annuity. The third page of the form signed by Mr. Martin stated that applicants with more than five years of service "may be entitled to annuity rights which you will forfeit by receiving this refund." Regardless of his actual awareness of this warning, Mr. Martin had a responsibility to read the form carefully before signing it, submitting it, and accepting the refund. As such, he cannot be "relieved from the consequences" unless he shows "mental incompetence, duress, or fraud." Collins v. Office of Pers. Mgmt., 45 F.3d 1569, 1573 (Fed. Cir. 1995). Mr. Martin has not argued that his submission of Form 2802 falls within any of these three criteria. Accordingly, we conclude that OPM did not break any laws in granting Mr. Martin's request for a refund of his retirement deductions, which resulted in the loss of his annuity rights.

While Mr. Martin argues that "many others" are receiving retirement payments even though they previously received refunds of their deductions, he does not specifically identify who those "others" are. Without more detailed evidence, we are unable to evaluate Mr. Martin's claim. We note, however, that the statutes specifically allow individuals who are reemployed with the federal government to receive retirement annuities if they pay back the refund that they received. 5 U.S.C. § 8334(d)(1). Because Mr. Martin neither obtained new employment with the government nor repaid the $30,105.59 he received, he is not eligible for a retirement annuity.

Mr. Martin also asserts that the termination of his employment in 1996 was in violation of the law. It is too late for Mr. Martin to make this argument. An employee

who wishes to challenge his termination may appeal to the MSPB within thirty days of the effective date of the termination. 5 C.F.R. § 1201.22(b). Any appeal to this court must be made within sixty days of receiving notice of the Board's decision. 5 U.S.C. § 7703(b)(1). Mr. Martin stated in a January 20, 2008 letter to OPM that he had a hearing after his termination in 1996. Because many years passed before he questioned the legality of his termination in this appeal, we cannot give Mr. Martin the relief he requests. See id.

## III. CONCLUSION

Because the MSPB did not err in denying Mr. Martin's request for a retirement annuity, we affirm.

## COSTS

Each party shall bear its own costs.